NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2018
_____

MAMDOUH HUSSEIN,
Appellant

v.

STATE OF NEW JERSEY; JON CORZINE; MAYOR J. HEALY;
JERSEY CITY POLICE DEPARTMENT; CITY OF JERSEY CITY, NJ;
MUNICIPAL PROSECUTOR; COUNTY PROSECUTOR;
LISA LEDOUX, Assistant County Prosecutor in her Official Capacity and All
Successors; ANITA PAYNE; ROBERT PAYNE; LOLITA REALTY CO.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-01291)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2010
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
Opinion filed: November 18, 2010
_____

OPINION
_____

PER CURIAM.

Mamdouh Hussein appeals from the District Court's judgment dismissing

his Amended Complaint for failure to state a claim upon which relief can be granted, and

declining to exercise supplemental jurisdiction over various state law claims. For the reasons that follow, we will affirm.

We assume the parties' familiarity with the factual allegations that the District Court gleaned from Hussein's Amended Complaint and "Appendix" of exhibits. Stated briefly, Hussein alleges that he was harassed and assaulted by Joseph Marrero, the Superintendent of the apartment building where Hussein resided in Jersey City, New Jersey. In addition to repeatedly cutting off Hussein's electrical and cable television service, Marrero physically assaulted Hussein, including attacks that resulted in hospitalizations for broken bones. Hussein incurred substantial medical expenses as a result. Hussein informed the police, but they declined to arrest Marrero. Hussein filed a criminal complaint of aggravated assault against Marrero. Marrero, in turn, filed his own complaint, claiming that he had been assaulted by Hussein.

Hussein's charge was presented to a Hudson County grand jury. Hussein contends that the prosecutor, Lisa Ledoux, refused to present evidence that Hussein deemed relevant to the charge against Marrero, and improperly limited the scope of the evidence considered by the grand jury. The grand jury ultimately reduced Hussein's charge to simple assault and returned the case to Municipal Court, where it could be tried in conjunction with Marrero's charge against Hussein. Hussein then elected to withdraw the simple assault charge. Marrero's charge against Hussein proceeded to trial but did not result in a conviction. Hussein claims that Marrero introduced perjured witness testimony and that Marrero himself testified falsely at trial.

2

Hussein's landlords also sued to evict Hussein from the building for having assaulted Marrero, but later withdrew the suit. The landlords filed another suit, claiming that Hussein owed a sum of money, but that suit was dismissed.

In the present case, Hussein seeks to recover compensatory damages based on the actions, or inaction, of the defendants in response to Marrero's assaults. He names the following defendants: Anita Payne, Robert Payne, and Lolita Realty Co., the apartment building's landlords (collectively, the "Landlords"); the State of New Jersey and former Governor Jon S. Corzine (collectively, the "State"); Mayor Healy, the Jersey City Police Department, the City of Jersey City, and the Jersey City Municipal Prosecutor (collectively, the "City"); and the Hudson County Prosecutor, and Assistant Prosecutor Ledoux (collectively, the "County"). Hussein sets forth seven claims for relief: "excessive force," in violation of 42 U.S.C. § 1983 (Count I); violations of the Fifth, Seventh, and Fourteenth Amendments by all defendants, contrary to § 1983 (Counts II and III); assault and battery by all defendants (Count IV); negligence, gross negligence, and negligence per se by all defendants (Count V); negligent hiring and supervision of Marrero by the Landlords (Count VI); and violations of Title VII of the Civil Rights Act of 1964 by all defendants (Count VII).

The District Court granted Hussein's motion for leave to proceed in forma pauperis. After service of the Amended Complaint, the District Court granted the State's motion to dismiss for failure to state a claim. (Docket # 30.) The District Court later granted the County's motion to dismiss. (Docket # 37.) In the same Order, the District Court dismissed, sua sponte under 28 U.S.C. § 1915(e)(2)(B), all of Hussein's remaining

3

federal claims for failure to state a claim, and declined to exercise supplemental jurisdiction over the remaining state law claims. (Id.) Hussein timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). Similarly, our review is plenary over a sua sponte dismissal under § 1915(e)(2)(B) for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review a decision to decline jurisdiction over supplemental state law claims for abuse of discretion. Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005).

As a preliminary matter, several appellees argue that we should dismiss this appeal due to the inadequacy of Hussein's opening brief. As these appellees observe, Hussein's pro se brief is insufficient in several respects (as is his Appendix on appeal), and indeed Hussein does not seem to have recognized the requirement that he "set forth the issues raised on appeal and [] present an argument in support of those issues in [his] opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993); see Fed. R. App. P. 28(a). We acknowledge the shortcomings in Hussein's brief. At the same time, however, we are mindful of a court's special obligation to construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). On balance here, we will decline to dismiss the appeal. Significantly, Hussein is not a native English speaker, and we assume that this factor at least partly explains the non-conformity of his brief. Moreover, affording Hussein some latitude, we are satisfied that his brief fairly raises a challenge,

4

albeit a vague one, to the dismissal of the claims asserted in his Amended Complaint. Appellees, for their part, have fully addressed the merits of those claims in their briefing, and we discern no prejudice to appellees under the circumstances. We will, therefore, review the merits of District Court's decision to dismiss Hussein's claims.

We have carefully reviewed the record and the parties' arguments on appeal, and we discern no error in the District Court's comprehensive analysis. The District Court correctly dismissed the claims against the State because, among other things, the State of New Jersey and its Governor enjoy sovereign immunity in federal court. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429-31 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Counts I, II, and III also were properly dismissed because neither the State of New Jersey nor its Governor (acting in his official capacity) is a "person" under 42 U.S.C. § 1983, see Will, 491 U.S. at 64, and even assuming that Hussein asserts a claim against former Governor Corzine in his personal capacity, the claim fails because there is no allegation of the former Governor's personal involvement in the events at issue. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). Further, Counts IV and V, seeking relief under state tort law, were properly dismissed because (i) those Counts find no support in Hussein's factual allegations, and (ii) there is no evidence that Hussein complied with the procedures of the New Jersey Tort Claims Act for making claims against public entities and employees. See N.J. Stat. Ann. § 59:8-3. Finally, Count VII, a "Title VII claim" asserted against all

5

defendants, was properly rejected on the merits because, as the District Court explained, Hussein was not an employee of any of the defendants.

The District Court likewise properly dismissed the state and federal law claims against the County. As the District Court fully explained, the County defendants are entitled to sovereign immunity because the State of New Jersey "is the real party in interest." Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989) (en banc); see Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996) (explaining that "when [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State"). Further, with regard to the § 1983 claims, the County defendants have absolute prosecutorial immunity for actions undertaken as an "integral part of the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). There is no dispute that the challenged actions of Prosecutor Ledoux were undertaken as part of a grand jury proceeding, thereby affording immunity from suit. See Schrob v. Catterson, 948 F.2d 1402, 1411 (3d Cir. 1991). Finally, the tort claims (Counts IV and V) fail against the County for the same reasons that they failed against the State. See discussion, supra.

The claims against the remaining defendants were properly dismissed sua sponte for failure to state a claim. Mayor Healy cannot be sued under § 1983 on the basis of a respondeat superior theory. See Rode, 845 F.2d at 1207. To the extent that Hussein named the Jersey City Police Department as a defendant for failing to protect him from Marrero, a municipal police department is not an entity separate from the municipality, see N.J. Stat. Ann. § 40A:14-118, and, therefore, the Jersey City Police Department was

6

properly dismissed from the action. See Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) (observing that "we treat the municipality and its police department as a single entity for purposes of section 1983 liability"). Further, we agree with the District Court that the federal claims against the City of Jersey City must fail because Hussein does not allege the existence of any policy or custom that could form the basis for § 1983 liability. See Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 402-04 (1997). In addition, as the District Court explained, "[a]s a general proposition, a state's failure to protect an individual against private violence does not constitute a violation of due process." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). The § 1983 claims against the Municipal Prosecutor were properly dismissed for failure to allege any wrongdoing not associated with a judicial proceeding. Finally, the § 1983 claims against the Landlords were properly dismissed because, "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010). The Landlords are not state actors, and Hussein presents no allegation giving rise to a plausible inference that the Landlords conspired with state actors to deprive Hussein of his constitutional rights. See id.

In light of its decision to dismiss all federal claims, we discern no abuse of discretion in the District Court's further decision to decline supplemental jurisdiction over, and to dismiss without prejudice, Hussein's remaining state law claims (i.e., Counts IV, V, and VI) against the remaining defendants. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000). For the foregoing reasons, we will affirm the District Court's

7

judgment.  Hussein's motion to strike the State's brief is denied.  The motion for production of insurance coverage is denied.